# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KIC LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> ZHEJIANG DICASTAL HONGXIN TECHNOLOGY CO. LTD., a Chinese Corporation <br><br> Defendant. | CASE NO. 19-cv-5660-RJB <br><br> ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery. Dkt. 26. The Court is familiar with the motion, all materials filed in support of and in opposition thereto, and the remainder of the record herein. For the reasons set forth below, Plaintiff's motion should be granted, in part, and denied, in part.

## I. BACKGROUND

Plaintiff is a manufacturer and designer of automotive parts, including wheels and wheel end products. Dkt. 26, at 2. Defendant is a wheel manufacturer. Dkt. 26, at 3. Plaintiff alleges

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 1

that Defendant breached a Distribution Agreement and Confidentially Agreement through its use of Plaintiff's confidential and trade secret information and sale of wheels to Plaintiff's customers. Dkt. 26, at 2.

On November 18, 2019, Plaintiff served on Defendant its First Set of Requests for Admission, Interrogatories and Requests for Production of Documents on Hongxin ("Discovery Requests"). Defendant served on Plaintiff a Response to Discovery Requests, dated January 16, 2020, following an agreed extension for the holidays. Dkts. 26, at 4; and 27-1. After various discussions between the Parties, Defendant completed a Revised Response to Discovery Requests, dated February 20, 2020 (Dkt. 27-5.).[1] *See* Dkt. 26, at 4–5. The Parties held a telephonic conference on February 27, 2020, but apparently only partially resolved the dispute. *See* Dkt. 26, at 1-2.

On February 28, 2020, Plaintiff filed the instant Motion to Compel Discovery. Dkt. 26. Plaintiff requests sanctions against Defendant and disputes the sufficiency of Defendant's Revised Response to Discovery Requests as to Requests for Admission ("RFA") 3–5 and Interrogatories 1,[2] 2, and 5. Dkt. 26.

Defendant filed a response in opposition to the instant motion. Dkt. 28. Attached with Defendant's response is a Second Revised Response to Discovery Requests, dated March 13, 2020. Dkt. 29-1. Defendant argues that (1) the Parties did not meaningfully meet and confer because Plaintiff filed the instant motion one day after the Parties met and conferred; and (2)

---

[1] It is unclear whether the Revised Response to Discovery Requests was dated February 10, 2020, or February 20, 2020. *Compare* Dkt. 26, at 5:5, *with* Dkt. 27-5, at 17.

[2] It appears that Plaintiff disputes the sufficiency of the response to Interrogatory No. 1, see, e.g., Dkt. 26, at 5:22–23, although Plaintiff does not explicate the relief requested as to Interrogatory No. 1. *See* Dkts. 26, at 2; and 26-1.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 2

Plaintiff's Second Revised Response to Discovery Requests sufficiently answers Plaintiff's discovery requests. Dkt. 28.

Plaintiff filed a reply in support of the instant motion. Dkt. 32. Plaintiff contends, in part, that the Second Revised Response to Discovery Requests is deficient. Dkt. 32.

## II. DISCUSSION

### 1. DISCOVERY STANDARDS

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1).

FRCP 37(a)(1) provides that, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FRCP 37(a)(3)(A)–(B) provides that:

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A Party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Courts are given broad discretion to control discovery under FRCP 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

## 2. MEET AND CONFER REQUIREMENTS

Plaintiff certifies that the Parties met and conferred and had a telephonic conference on February 27, 2020, but they were unable to resolve this dispute. Dkt. 26, at 1-2. Defendant contends that Plaintiff did not give it reasonable time to respond when Plaintiff filed the instant motion one day after the telephonic conference. Dkt. 28, at 3. Regardless, even though the Parties apparently agreed that Defendant would withdraw some objections, the Parties did not reach resolution of all the disputes herein. *See* Dkt. 32.

Therefore, Plaintiff's motion satisfies the meet and confer requirements under Fed. R. Civ. P. 37(a)(1).

## 3. DISCOVERY DISPUTE

When Plaintiff filed the instant motion on February 28, 2020, Defendant's most recent answers and responses appear to have been the Revised Reponses to Discovery Requests, dated February 20, 2020. *See* Dkt. 27-5. Defendant's response brief contains an attached Second Revised Response to Discovery Requests, dated March 13, 2020. Dkt. 29-1. Plaintiff contends that Defendant's Second Revised Response to Discovery Requests is also deficient. Dkt. 32. Below, the Court cites to the Second Revised Response to Discovery Requests (Dkt. 29-1, at 2; "This set of revised responses supersedes the original Responses and Objections served on January 17, 2020 and the Revised set served on February 20, 2020") as the operative set of responses for its discussion of RFAs 3–5 and Interrogatories 1, 2, and 5.

    a. <u>RFA No. 3</u>

> **Request No. 3:** Admit that Hongxin sold the Products to FleetPride, Inc. during the term of the Distribution Agreement.
>
> **ANSWER: Objection.** The term "Products' is vague and ambiguous.

....

> Subject to and without waiving these objections, Defendant
> Zhejiang Hongxin responds as follows:
>
> ADMIT, but Defendant Zhejiang Hongxin denies that it was
> prohibited from doing so because FleetPride, Inc. has been a
> longstanding customer of Defendant's since 2009, before
> execution of the Distribution Agreement with KIC.

Dkt. 29-1, at 6.

Defendant's objection may or may not have merit, but Defendant's qualified response to RFA 3 appears sufficient. The Court further observes, with some dismay, that Defendant's response to RFA 3 in the Revised Response ("DENIED") is the opposite of its response in the operative Second Revised Response ("ADMIT"). *Compare* Dkt. 27-5, at 6, *with* Dkt. 29-1, at 6.

    b. <u>RFA No. 4</u>

> **Request No. 4:** Admit that Hongxin sold the Products to
> Taskmaster Components during the term of the Distribution
> Agreement.
>
> **ANSWER: Objection.** "Taskmaster Components" is vague and
> ambiguous and is not a sufficient identifier of a corporate entity.
>
> ....
>
> Subject to and without waiving these objections, Defendant
> Zhejiang Hongxin responds as follows:
>
> DENIED.

Dkt. 29-1, at 6.

Defendant's objection may or may not have merit, but Defendant's qualified response to RFA No. 4 appears sufficient. *See* Dkt. 29-1, at 6.

    c. <u>RFA No. 5</u>

> **Request No. 5:** Admit that Hongxin sold the Products during the
> term of the Distribution Agreement to customers or entities other

> than FleetPride, Inc., Taskmaster Components, PACCAR, and Dragon.
>
> **ANSWER: Objection.** Vague and ambiguous as to the terms "customers or entities." Compound request. "Taskmaster Components, PACCAR, and Dragon" are vague and ambiguous and are not sufficient identifiers of corporate entities. Leading Question.
>
> ….
>
> Subject to and without waiving these objections, Defendant Zhejiang Hongxin responds as follows:
>
> DENIED that Defendant Zhejiang Hongxin sold to any entities listed on Appendix A other than FleetPride, Inc. Defendant Zhejiang Hongxin sold to other customers not listed on Appendix A.

Dkt. 29-1, at 7.

Defendant's answer is cryptic at best and evasive at worst. RFA No. 5 makes no reference to "Appendix A,"[3] and it is unclear why Defendant's answer refers to it. *See* Dkt. 29-1, at 7. Regardless, despite Defendant having written "DENIED," the unclear explanation that follows makes it appear that Plaintiff admits to RFA No. 5. *See id.*

d. Interrogatory No. 1

> **Interrogatory No. 1:** If Hongxin's answer to any of the above Requests for Admissions is anything other than an unqualified admission, then for each such answer, identify the following:
>
> a. The number of the Request;
>
> b. All facts upon which Hongxin bases its response;
>
> c. All witness(es) with knowledge of the facts upon which Hongxin bases its response; and
>
> d. All documents that support Hongxin's response.

---

[3] A copy of Appendix A is apparently on record at Dkt. 27-4, at 13 *et seq*; it appears to be Plaintiff's customer list.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 6

> **Answer: Objection.** Compound request. Hongxin objects to this request as overbroad and burdening to the extent it requests "all facts upon which Hongxin bases its responses." See *Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967). Hongxin Objects to this request as overbroad and burdensome to the extent it requests "all witnesses with knowledge" and "all documents."
>
> ….
>
> Subject to and without waiving these objections, as well as the general objections set forth above:
>
> ….
>
> ***Request for Admission No. 3***
>
> Defendant Hongxin refers to Paragraph 2 of the Distribution Agreement. Hongxin and FleetPride, Inc. have done business since 2009. Individuals with knowledge are listed in Interrogatory No. 3 below and in Hongxin's initial disclosures. It is impractical to list all of the FleetPride, Inc. order documents here. There are many purchase orders, invoices, supply lists, etc. between Hongxin and Fleetpride, Inc. beginning in 2009.
>
> ***Request for Admission No. 4***
>
> Defendant Zhejiang Hongxin's answer speaks for itself. Hongxin never sold any Products to Taskmaster Components. Individuals with knowledge are listed in Hongxin's Initial Disclosures.
>
> ***Request for Admission No. 5***
>
> Defendant Zhejiang Hongxin's answer speaks for itself. Other than FleetPride, Inc., Hongxin only sold products on customers not listed on Appendix A during the term of the Distribution Agreement. Individuals with knowledge are listed in Hongxin's Initial Disclosures, as well as Omar, Neil, John, and Greg of KIC who all verbally agreed to these sales.

Dkt. 29-1, at 7–9.

"Although the term discrete subparts does not have a precise meaning, courts generally agree that interrogatory subparts ought to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB*

*American Inc,* 232 F.R.D. 612 (N.D. CA 2006) (quotations and citations omitted); *see generally Neill v. All Pride Fitness of Washougal, LLC,* C08-5424-RJB, 2009 WL 10676369, at *2 (W.D. Wash. May 21, 2009) (discussing case law on what is and is not a discrete subpart).

Defendant's compound question objection is without merit because the interrogatory's subparts are logically and factually subsumed and necessarily related to the primary question. *See Trevino,* 232 F.R.D. at 612.

However, the Court partially agrees with Defendant's objection that Interrogatory No. 1 is overbroad and burdensome. *See Aspen Grove Owners Ass'n. v. Park Promenade Apartments, LLC,* C09-1110-JCC, 2010 WL 3788038, at *6 (W.D. Wash. Sept. 17, 2010), *report and recommendation adopted,* C09-1110-JCC, 2010 WL 3787995 (W.D. Wash. Sept. 23, 2010) (quoting *Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967) ("[T]he opposing party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit information as to evidentiary facts as contrasted with ultimate facts, nevertheless it is improper to ask a party to state evidence upon which he intends to rely to prove any fact or facts.").

Nevertheless, Defendant's answer is partially insufficient. Concerning the answer to Interrogatory No. 1 as it relates to RFA No. 3 (Dkt. 29-1, at 8:16-21), product sales between Defendant and FleetPride, Inc. go to the heart of this case: the alleged violation of a Distribution Agreement prohibiting Defendant from selling certain products to certain customers, including Products to FleetPride, Inc. Therefore, it is reasonable and proportional to the needs of this case for Defendant to produce sales documents of Products, as defined in the Distribution Agreement, sold by Defendant to FleetPride, Inc.

    e.  <u>Interrogatory No. 2</u>

> **Interrogatory No. 2:** Identify all sales of the Products by Hongxin to customers listed on Appendix A to the Distribution Agreement

between March 21, 2013 and March 21, 2019, including for each
sale, name of the customer, date of sale, type(s) of Products sold,
quantity of Products sold, individual piece price of the Products
sold, date that payment was received from the customer for the
Products, and, shipment destination for the Products sold.

**Answer: Objection.** This request seeks information protected as
trade secrets. Compound request. Overly burdensome to the extent
it requests specific information for "all sales."

….

Subject to and without waiving these objections, as well as the
general objections set forth above:

With regard to entities listed on Appendix A, Hongxin has only
sold to FleetPride, Inc. Hongxin began doing business with
FleetPride, Inc. in 2009. KIC was aware that Hongxin continued
doing business with FleetPride, Inc. after execution of the March
2013 Distribution Agreement. Pursuant to Fed. R. Civ. P 33(d),
Hongxin has produced documents in response to this interrogatory.

Dkt. 29-1, at 9.

To the extent that the only customers listed on Appendix A to whom Defendant sold products between March 21, 2013, and March 21, 2019, was FleetPride, Inc., which is what Defendant claims (Dkt. 29-1, at 7:13–15; and 30, at 2:1–3), Interrogatory No. 2 is duplicative of Interrogatory 1. Dkt. 29-1, at 9.

    f.   Interrogatory No. 5

**Interrogatory No. 5:** Identify all sales of Products by Hongxin to
North American (non-U.S.) customers for less than 10% above the
price of the same Products Hongxin sold to KIC during the term of
the Distribution Agreement, including, for each sale, name of the
customer, date of sale, type(s) of Products sold, quantity of
Products sold, and individual piece price of the Products sold.

**Answer: Objection.** Compound request. Vague and ambiguous as
to "for less than 10% above the price of the same Products
Hongxin sold to KIC during the term of the Distribution
Agreement." Vague and ambiguous as to term "Products." Overly

>>burdensome request to the extent it requests specific information about "each sale."
>>
>>....
>>
>>Subject to and without waiving these objections, as well as the general objections set forth above:
>>
>>The products sold to Non-U.S. North American customers are often not the same as the products sold to KIC, Pursuant to Fed. R. Civ. Pro 33(d), Hongxin has produced documents in response to this request.

Dkt. 29-1, at 11–12.

"[D]iscovery of a document may be limited if discovery of such document is unduly burdensome …. However, the Court only entertains an unduly burdensome objection when the responding party demonstrates how the document is "overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *See Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.,* 242 F.R.D. 1, 10 (D.D.C. 2007) (citations omitted).

Interrogatory No. 5 has two critical flaws. First, Interrogatory No. 5 is vague and ambiguous, leaving Defendant to wonder how it should compare price points over a period of time that spans years.

Second, Interrogatory No. 5 appears unduly burdensome. Although the materials sought by Interrogatory No. 5 may be relevant, Defendant provides the declaration of Wenzhi Wang, Defendant's Chairman, stating that "[a]ll responsive sales documents with regard to Hongxin's sales to non-U.S. customers during the term of the Distribution Agreement have been provided to KIC already." Dkt. 30, at 2:12–14.

g. Conclusion

Based on the foregoing, Plaintiff's Motion to Compel Discovery should be granted, in part, and denied, in part. In conformity with the discussion above, Defendant should provide amended responses to RFA No. 5 and Interrogatory No. 1, to be served on Plaintiff no later than April 27, 2020. Sanctions are not appropriate at this time. *See* Fed. R. Civ. P. 37(c).

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel Discovery (Dkt. 26) is **GRANTED, IN PART, AND DENIED, IN PART**; and

- In conformity with the discussion above, Defendant shall provide amended responses to RFA No. 5 and Interrogatory No. 1, to be served on Plaintiff no later than **April 27, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of March, 2020.

ROBERT J. BRYAN
United States District Judge