UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIC LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

ZHEJIANG DICASTAL HONGXIN TECHNOLOGY CO. LTD., a Chinese Corporation,

Defendant.

CASE NO. 3:19-cv-05660-RBJ

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND EXTEND SCHEDULING ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery and Extend Scheduling Order (Dkt. 38). The Court has considered the pleadings filed regarding the motion and the remaining file. For the reasons set forth below, Plaintiff's motion should be granted, in part, and denied, in part.

## I. **BACKGROUND**

Plaintiff, KIC, is a manufacturer and designer of automotive parts, including wheels and wheel end products. Dkt. 26, at 2. Defendant, Hongxin, is a wheel manufacturer. Dkt. 26, at 3.

The Parities' Distribution Agreement and Confidentially Agreement ("Agreement") prohibits sharing of certain confidential information and trade secrets and selling certain products ("Products"), either directly or indirectly, to KIC's customers ("Restricted Customers"). Dkt. 38 at 3; *see* Dkt. 27-4. The Agreement also requires any Product Hongxin sells to a buyer in North America to be sold at a price at least ten times higher than the price KIC pays. Dkt. 38.

Dispute over the KIC's First Set of Requests for Admission, Interrogatories and Requests for Production resulted in KIC filing a Motion to Compel Discovery ("First Discovery Request") (Dkt. 26), which this Court granted, in part, and denied, in part (Dkt. 33). KIC subsequently issued a Second Set of Requests for Admission, Interrogatories and Requests for Production ("Second Discovery Request"). Dkt. 38-10.

Once again, the Parties are unable to resolve a discovery dispute.

## II. <u>PENDING MOTION</u>

The pending motion is Plaintiff's Motion to Compel Discovery and Extend Scheduling Order (Dkt. 38). In addition to requesting an extension to the scheduling order, KIC requests that Hongxin provide information relating to sales destined either directly or indirectly to Restricted Customers and to buyers in North America, information about the price adjustments at issue in Hongxin's counterclaim, and asks for fees and costs. KIC claims it is entitled to the disputed discovery pursuant to requests in both its First Discovery Requests and it's Second Set of Discovery Requests. *Id.* Hongxin agrees to extend the scheduling order but otherwise opposes KIC's motion. Dkt. 41. Hongxin argues that its responses are adequate, that any further discovery would probe irrelevant or confidential business information, and that the Parties did not satisfy the meet-and-confer requirement. Dkt. 41. KIC replied. Dkt. 45.

The First Order on Plaintiff's Motion to Compel (Dkt. 33) discussed KIC's discovery requests and Hongxin's objections. This Order, therefore, is more narrowly focused on specific information that KIC seeks and Hongxin's objections to providing that information.

## III. DISCUSSION

### A. MOTION TO EXTEND SCHEDULING ORDER

The Parties agree to a 90-day extension of the scheduling order. Dkts. 38 and 41.

The scheduling order should be amended as follows:

1. Disclosure of expert testimony is continued from September 10, 2020 to **December 9, 2020**;
2. All discovery motions deadlines are continued from October 20, 2020 to **January 19, 2021**;
3. Discovery cutoff is continued from November 10, 2020 to **February 8, 2021**;
4. All dispositive motions deadlines are continued from December 9, 2020 to **March 8, 2021**;
5. Motions in limine deadline is continued from February 10, 2021 to **May 11, 2021**;
6. Pretrial order deadline is continued from February 19, 2021 to **May 21, 2021**;
7. Pretrial conference is continued from February 26, 2021 to **May 28, 2021**;
8. Trial briefs, proposed voir dire and jury instructions deadline is continued from February 26, 2021 to **May 28, 2021**;
9. Trial is continued from March 8, 2021 to **June 7, 2021**.

### B. DISCOVERY STANDARDS

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1).

FRCP 37(a)(1) provides that, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FRCP 37(a)(3)(A)–(B) provides that:

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A Party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Courts are given broad discretion to control discovery under Fed. R. Civ. P. 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist*., 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

**C. MEET AND CONFER REQUIREMENTS**

Western District of Washington Local Rule 37(a) requires parties "meet and confer" by making a "good faith" effort to reach an agreement including through a "face-to-face meeting or a telephone conference." The parties do not appear to have satisfied the meet and confer requirement for KIC's Second Set of Discovery, Request for Production No. 10. *See* Dkts. 38 and 39. Therefore, the motion to compel pursuant to RFP No. 10 is denied without prejudice and the parties should make every effort to resolve issues with RFP No. 10 without the Court's intervention.

Parties' communications, including a phone conference on August 7, 2020, appear to include discussion of the remaining disputed discovery and therefore satisfy the meet-and-confer requirement. *See Id.*

**D. DISPUTED DISCOVERY**

KIC seeks three categories of discovery. First, discovery "to determine the extent of Hongxin's knowledge that its sales to intermediaries were destined for [Restricted Customers]

[.]" Dkt. 38 at 3. KIC alleges that Shenggao is one such "intermediary." *Id.* Second, KIC requests communications and documents to determine the extent that Defendant knew Products sold to third parties, including Dicastal, were destined to North America, a market that is regulated by the Agreement. Dkts. 41 and 45. Third, KIC requests Hongxin provide the specific instances Hongxin alleges KIC failed to make contractual price adjustments and the formula Hongxin used to make that determination. Dkt 38 at 5.

*1. <u>HONGXIN-SHENGGAO SALES COMMUNICATION</u>*

KIC alleges that a restricted customer, FleetPride, Inc., bought Hongxin tires through a Chinese tire distributor, Shenggao, and seeks communications between Honxin and Shenggao to determine whether Hongxin knew this would happen. KIC maintains it is entitled to this information pursuant to KIC's First Set of Discovery: Interrogatories Nos. 1 and 2; Requests for Production of Documents Nos. 2 and 3; and KIC's Second Set of Discovery, Requests for Production of Documents 9 and 10. *Id.*

The disputed discovery requests and responses follow with the exception of Request for Production Number 10, which as discussed above did not satisfy meet-and-confer. Interrogatory No. 1 from Plaintiff's First Set of Discovery Requests asks Defendant to elaborate on answers from Requests for Admissions. The Requests for Admission taken as a whole essentially ask Hongxin to admit that it sold Products to any Restricted Customer, including FleetPride, during the course of the Agreement. Dkt. 29-1.

- **From KIC's First Discovery Request** (Dkt. 27-1)**:**
  - **Interrogatory No. 1**: If Hongxin's answer to any of the [] Requests for Admissions is anything other than an unqualified admission, then for each such answer, identify the following:

    a. The number of the Request;
    b. All facts upon which Hongxin bases its response;

c. All witness(es) with knowledge of the facts upon which Hongxin bases its response; and
d. All documents that support Hongxin's response.

- **Answer: Objection**. Hongxin objects to this request as overbroad and burdening to the extent it requests "all facts upon which Hongxin bases its responses." *See Weber v. Biddle*, 72 W. 2d 22, 29, 431 P.2d 705 (1967). Hongxin objects to this request as overbroad and burdensome to the extent it requests "all witnesses with knowledge" and "all documents."
  . . .
  Subject to and without waiving these objections, as well as the general objections set forth above . . .

- **Interrogatory No. 2**: Identify all sales of the Products by Hongxin to customers listed on Appendix A to the Distribution Agreement between March 21, 2013 and March 21, 2019, including for each sale, name of the customer, date of sale, type(s) of Products sold, quantity of Products sold, individual piece price of the Products sold, date that payment was received from the customer for the Products, and, shipment destination for the Products sold.

- **ANSWER: Objection.** This request seeks information protected as trade secrets. Compound request. Overly burdensome to the extent it requests specific information for "all sales."

- **<u>Requests for Production</u>:**

  - **Request No. 2**: Documents relating to the sales of Products by Hongxin identified in Interrogatory No. 1, above, including, without limitation, quotations, contracts, purchase orders or purchase agreements, invoices, bills of lading, packing slips, proof of payment and payment history for the Products.

  - **RESPONSE: Objection.** Vague and ambiguous as to "including, without limitation, quotations, contracts . . . payment history records for the Products." There are no sales of Products identified in Interrogatory No. 1; Interrogatory No. 1 does not request such information. Overly broad and burdensome to the extent this requests for "all documents relating to . . ."
    . . .
    There are no sales of Products identified in Interrogatory No. 1; Interrogatory No. 1 does not request such information. Accordingly, no responsive documents.

  - **Request No. 3:** Communications relating to the sales of Products by Hongxin identified in Interrogatory No. 1, above, including

      communications with customers for the Products and communications internal to Hongxin.

- **RESPONSE: Objection**. There are no sales of Products identified in Interrogatory No. 1. Interrogatory No. 1 does not ask for such information. Requests for information protected by the attorney-client privilege and work product doctrines.
  . . .
  Subject to and without waiving these objections, as well as the general objections set forth above:
  There are no sales of Products identified in Interrogatory No. 1 as that is not the information requested by that Interrogatory. Accordingly, no responsive documents.

- **<u>From KIC's Second Set of Requests (Dkt. 39-9)</u>**:

  - **Request for Production No. 9:** Produce all communications and documents, including without limitation emails, related to the sale, transfer, shipment or distribution of Products to or into North America and between Hongxin, CITIC Dicastal Co., Ltd., or Dicastal North America, Inc.

  - **RESPONSE: <u>Objection.</u>** Overly broad and unduly burdensome to the extent it requests "all communication and documentation, including without limitation emails, related to . . ." Vague and ambiguous as to "to and into" and "by and in between." Not calculated to lead to the discovery of admissible evidence because CITIC Dicastal Co., Ltd. And Dicastal North America, Inc. are not parties to the Distribution Agreement and are irrelevant to the dispute at hand. Requests confidential documents and trade secrets. Vague and ambiguous as to whether CITIC Dicastal Co., Ltd. is referring to a Chinese entity or a US entity.

The Plaintiff's motion to compel Defendant to "produce documents and communications related to its sales to FleetPride, Inc., including through Shennggao," (Dkt. 38) should be granted. While some of Hongxin's objections have merit, the information KIC seeks through this motion is rationally related to and proportional to KIC's need.

In response to Interrogatory 1, Request for Admission 3, Hongxin provided sales documents for sales made directly to FleetPride. Dkt. 39-1. Defendant claims that the

additional information Plaintiff seeks, including communications to Shenggao about FleetPride, would be outside the scope of the request, overbroad, and harassing. Dkts. 39-1 and 41 at 8. This answer is insufficient. KIC is entitled to communications, should they exist, between Hongxin and Shennago or between Hongxin and any other party that relate to sales to Restricted Customers because the Agreement prohibits indirect sales to Restricted Customers. If specific documents or communications include confidential information or trade secrets, then Defendant Hongxin can request a protective order for that information. It makes no showing now that a protective order is warranted.

2. *<u>COMMUNICATIONS WTH CUSTOMERS AND DISTRIBUORS INCLUDING DICASTAL</u>*

KIC's request that Hongxin produce documents, including emails between Hongxin and the aforementioned entities, including Dicastal, related to sales to North America should similarly be granted pursuant to KIC's Second Discovery Request, Request for Production No. 9. The Request is listed in the previous section. As discussed above in relation to Shenggao, should these documents exist, Hongxin should be ordered to produce them because they relate to restrictions in the Agreement on sales to North America. Hongxin cannot be expected to produce documents that do not exist or that were made between entities not party to this suit. Hongxin, however, should respond to the best of its ability, and it may request a protective order should the need arise.

*3. <u>DISPUTE REGARDING DISCOVERY RESPONSES RELATED TO HONGXIN'S COUNTERCLAIM</u>*

KIC also moves for an order compelling the Hongxin "to provide facts for its counterclaim related to pricing in response to KIC's Second Discovery Requests, Interrogatories Nos. 12 and 15." Dkt. 38. Each of those interrogatories and responses follow.

- **Interrogatory No. 12**: Identify all facts Hongxin claims to support the allegations in Paragraph 9 of Hongxin's Counter-Complaint that "the failure of KIC to provide the contractual price adjustment has resulted in damages of no less than $204,566.68 as of June 2018 only, "including, without limitation, the facts Hongxin claims to support the calculation of the damages alleged.

- **Answer**: **<u>Objection</u>**. A party is not "required to put on a dress rehearsal of the trial." *Weber v. Biddle*, 72 Wn. 2d 22, 29, 431 P.2d 705 (1967). Overly broad and unduly burdensome to the extent this request asks for "all facts." Requests information for which payment has allegedly not been made, the invoice number relating to such shipment, and the amount allegedly due in connection with such shipment and invoice.

- **Interrogatory No. 15:** Identify each time you contend that KIC was obligated, but failed to adjust the price it paid for orders from Hongxin as required by the Agreement, as set forth in paragraph 15 of Hongxin's Counter-Complaint. Your answer should also specify what you contend the price adjustment should have been as required by the Agreement and how such price adjustment was calculated for each price adjustment you claim.

- **Answer: <u>Objection</u>**. Requests information already in KIC's possession and publicly available. Requests information protected by the work product doctrine. The Agreement speaks for itself, and Plaintiff's mischaracterization of the Agreement assumes facts not in evidence and calls for a conclusion of law and an ultimate conclusion.
  . . .
  Subject to and without waiving these objections:
  Please see documents produced herewith and response to Interrogatory No. 12.

Plaintiff's Motion to Compel (Dkt. 38) should be granted as it relates to Interrogatories Nos. 12 and 15. As to Interrogatory No. 12, while a request for "all facts" is too broad, KIC specifically requests information about how price adjustments were calculated. KIC is entitled to understand the claims against it. Hongxin alleges that it already satisfied the request by sending a price adjustment calculations spreadsheet. Dkt 41 at 9. KIC is, however, is entitled to know exactly how Hongxin reached those calculations. Similarly, Interrogatory No. 15 requests specific instances where Hongxin contends KIC failed to properly adjust the price. KIC is entitled to know the instances Hongxin believes it breached the Agreement. In addition to failing to demonstrate that KIC's request is "unduly burdensome," Hongxin has so far failed to

demonstrate that the information is protected by the work-product doctrine. Perhaps a privilege log would be appropriate.

### E. ATTORNEY FEES PURSUANT TO FED. R. CIV. P. 37(A)(5)

Fed. R. Civ. P. 37(a)(5) provides in part:

> (5) Payment of Expenses; Protective Orders.
>
> (A) . . . If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . .
>
> . . .
>
> (B) . . . If the motion is granted in Part and Denied in Part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Plaintiff's motion is granted, in part, and denied, in part. The Court declines to use its discretion to award expenses and fees. If there are further discovery disputes, the Parties should make every effort to work it out amongst themselves. If agreement cannot be reached, the Parties may consider a telephonic motion under LCR 7(i).

## IV. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel Discovery and Extend Scheduling Order (Dkt. 38) should be **GRANTED, IN PART, AND DENIED, IN PART** as stated above;
- The Scheduling Order shall be amended as follows:
  - Disclosure of expert testimony is continued from September 10, 2020 to **December 9, 2020**;
  - All discovery motions deadlines are continued from October 20, 2020 to **January 19, 2021**;
  - Discovery cutoff is continued from November 10, 2020 to **February 8, 2021**;

- All dispositive motions deadlines are continued from December 9, 2020 to **March 8, 2021**;
- Motions in limine deadline is continued from February 10, 2021 to **May 11, 2021**;
- Pretrial order deadline is continued from February 19, 2021 to **May 21, 2021**;
- Pretrial conference is continued from February 26, 2021 to **May 28, 2021**;
- Trial briefs, proposed voir dire and jury instructions deadline is continued from February 26, 2021 to **May 28, 2021**;
- Trial is continued from March 8, 2021 to **June 7, 2021**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record.

Dated this 23rd day of September, 2020.

ROBERT J. BRYAN
United States District Judge