UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIC, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>     v.<br><br>ZHEJIANG DICASTAL HONGXIN TECHNOLOGY CO., LTD, a Chinese Corporation<br><br>                    Defendant. | CASE NO. 3:19-cv-05660-RJB<br><br>ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION TO COMPEL |

THIS MATTER comes before the Court on Defendant's FRCP 37 Motion to Compel Plaintiff to Respond to Written Discovery.  Dkt. 76.  The Court has considered the pleadings filed regarding the motion and the remaining file.

Defendant's motion should be denied, without prejudice, because it does not comply with the meet and confer requirement set by Local Civil Rule 37.

- 1

## I. BACKGROUND

The deadline to file discovery motions in this matter was May 17, 2021. Dkt. 62. Defendant filed the pending motion to compel on May 17, in anticipation of that deadline. Dkt. 76. The discovery deadline is not until June 10, 2021, and discovery remains ongoing. Dkts. 62 and 76.

Defendant (Hongxin) declares that the parties met and conferred in an attempt to resolve this discovery dispute on May 5, 2021. Dkt. 76. According to Plaintiff (KIC), it produced over 7,000 pages of responsive discovery on May 12, 2021, and supplemented its written responses on May 17, 2021. Dkts. 79 and 81. In reply, Hongxin acknowledges that KIC produced responsive documents and amended the requests at issue based on KIC's discovery production. Dkt. 81. The discovery the remains at issue as of Hongxin's reply is listed in Section II.C. of this order.

## II. DISCUSSION

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) sets the standard for discoverable information and reads:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant</u> to any party's claim or defense and <u>proportional</u> to the needs of the case, <u>considering</u> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discover need not be admissible in evidence to be discoverable.

(emphasis added). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

1  probable than it would be without the evidence.'"  *United States v. Stever*, 603 F.3d 747,

2  753 (9th Cir. 2010) (quoting Fed. R. Evid. 401).

3        A party seeking to compel discovery must comply with Local Civil Rule ("LCR")

4  37, which requires the parties to meet and confer to make good faith effort to resolve the

5  dispute without court intervention before filing a motion to compel.  LCR 37(a)(1).

6    **B. DISCUSSION**

7        Movant, Hongxin, does not declare to having met and conferred following the discovery

8  produced on May 12 and 17.  *See* Dkt. 77-1 (certifying that parties met and conferred on May 5,

9  2021).  These productions appear to substantially respond to Hongxin's requests.  *See* Dkt. 79 at

10 6.  Because the parties did not meet and confer following substantial changes to the discovery at

11 issue, they have not adequately engaged to resolve their dispute and this motion does not comply

12 with LCR 37.

13       Therefore, Defendant's motion should be denied, without prejudice.

14       This motion, however, appears to reflect the parties' larger dispute over the damages

15 provision of their contract, which in short sets a penalty for breach of contract of 15 percent of

16 the sales or proceeds received by <u>Defendant</u> (Hongxin).  *See e.g.*, Dkts. 66, 70, 72, 74, 76, and

17 79.  KIC argues that the penalty is set by the parties' fully integrated contract so financial

18 information related to <u>KIC's</u> sales is not relevant to the dispute.  *See e.g.*, Dkt. 79 at 3.  Hongxin

19 argues the provision may be an unenforceable liquidated damages provision, and KIC's sales

20 information is relevant to that determination.  *See e.g.*, Dkt. 70.

21       In the interest of clarity, the discovery requests that remain at issue and KIC's responses

22 are listed in the next section.  The parties are encouraged to work through their disagreement

23 considering the relevance and proportionality standard set by Rule 26(b)(1).  Discovery need not

24

be admissible to be relevant. *See* Fed. R. Civ. P. 26(b)(1). Should the parties be unable to reach agreement, the Court will allow a limited extension to the deadline to file motions related to discovery: <u>Hongxin only may file a motion with the Court to compel relevant discovery that remains outstanding by June 18, 2021</u>. This extension is limited to discovery at issue in this motion.

### C. DISCOVERY AT ISSUE

**First Set of Interrogatories and Requests for Production**:

- **Interrogatory No. 6**: Please IDENTIFY and DESCRIBE with specificity the factual basis for your allegation in Paragraph 43 of the Complaint that "those sales prevented KIC from making sales of the Products and may have had the effect of reducing KIC's market share."

- **KIC Response**: Subject to and without waiving this objection or the General Objections, KIC states that the market for Products is finite. Therefore, any sales of the Products by Hongxin to customers to which Hongxin is prohibited from selling the Products pursuant to the parties' Distribution Agreement would necessarily represent sales that KIC could not make. KIC further responds that information and documents requested from Hongxin in discovery may include information responsive to this Interrogatory.

    The quantities of Hongxin's sales at issue are detailed in the records produced by Hongxin, the records produced by third-parties in response to KIC's subpoenas, and which were summarized in KIC's expert report. KIC has not, at this time, made a determination of the percent of market share it lost as a result of Hongxin's sales, but it is more than 0%. Due to the inability to calculate the

actual percentage of market share lost as a result of Hongxin's actions, KIC relies on the 15% royalty. Dkt. 79-1 at 5–6.

- **Interrogatory No. 11**: Please IDENTIFY the amount of market share KIC has lost due to the actions alleged in the Complaint against Defendant.
- **KIC Response**: Subject to and without waiving this objection and the General Objections, see KIC's response to Interrogatory No. 6 above. KIC further responds that information and documents requested from Hongxin in discovery may include information responsive to this Interrogatory. In supplemental response, KIC refers Hongxin to its documents produced on May 12, 2021. Dkt. 79-1 at 8.
- **Interrogatory No. 12**: Please IDENTIFY the amount of sales KIC has lost due to the actions alleged in the Complaint against Defendant.
- **KIC Response**: KIC refers Hongxin to its expert report and calculations for the lost sales that KIC is currently aware of. Upon information and belief, there are additional sales that currently unknown to KIC and a result of Hongxin's failure to produce complete records for all sales to customers and into the restricted territory.

**Second Set of Interrogatories and Requests for Production**:

- **Interrogatory No. 6**: Please identify the total amount of damages, by category, KIC is seeking against Hongxin in this lawsuit.
- **KIC Response**: KIC objects to this interrogatory because it is premature, as discovery is ongoing. KIC will supplement as required under Fed. R. Civ. P. 33 and/or consistent with the expert discovery deadlines where appropriate. Without

waiving said objections, KIC is aware of at least the following damages by category, subject to its right to supplement as it reviews additional documents from Hongxin and the non-parties identified in responses to Interrogatory No. 2, above:

    i. Damages for Product Sales by Hongxin to restricted customers and into the restricted territory are $3,096,935, as detailed in the February 23, 2021 Report of Patrick O'Kefe;

    ii. Damages for Product Sales by Hongxin to customers for less than 10% above the price at which Hongxin sold the Products to KIC has not yet been calculated. Example of these sales are detailed in response to Interrogatory No. 5 above. KIC will supplement as additional documents are reviewed, summarized, and compiled.

    iii. Damages for Hongxin's use of KIC's confidential information, in violation of the DIstr4ibution Agreement and the Confidentiality Agreement have not yet been calculated. KIC will supplement as additional documents are reviewed, summarized, and compiled.

    iv. Damages for KIC's lost market share resulting from Hongxin's improper sales, improper pricing, and theft of confidential information have not yet been calculated. KIC will supplement as discovery progressed.

- **Interrogatory No. 8**: For each entity listed on Appendix A of the Distribution Agreement, identify on which you made your first sale of Products to that entity and whether you continue to sell Products to that entity.

- **KIC Response**: KIC objects to this interrogatory because it is unduly burdensome and not likely to lead to the discovery of admissible evidence. This information is not relevant to his dispute, as the Distribution Agreement's terms provide for the sales restrictions and its terms are not dependent on KIC's past, current, or future sales to any specific territory or customer. In further response, KIC states that some customer information and sales after the 2013 Distribution Agreement can be discerned from the documents produced on May 12, 2021.

- **Request for Production No. 9**: For the years 2005 to 2013, please produce all contracts regarding the sale of Products as defined in the Distribution Agreement, between KIC and the entities listed in Appendix A of the Distribution Agreement.

- **KIC RESPONSE**: KIC does not have any responsive documents for the years 2005 through 2012, as the Products are defined as only those which are subject to the 2013 Distribution Agreement. As such, no Products were sold prior to 2013. In further response, to the extent this request is asking for all contracts regarding the sale of any products by KIC to entities on Appendix A, then KIC objects to this request because it is not relevant to the claims or defenses in the matter, which are limited to Hongxin's solicitations and sales of Products to those customers.

- **Request for Production No. 10**: For the years 2010 to 2013, please produce all communications regarding the sale of Products, as defined in the Distribution Agreement, between KIC and the entities listed in Appendix A of the Distribution Agreement.

- **KIC Response**: KIC does not have any responsive documents for the years 2010 to 2012, as the Products are defined as only those which are subject to the 2013 Distribution Agreement.  As such, no Products were sold prior to 2013.  In further response, to the extent this request is asking for all communications regarding the sale of any products by KIC to entities on Appendix A, then KIC objects to this request because it is not relevant to the claims or defenses in the matter, which are limited to Hongxin's solicitations and sales of Products to those customers.

- **Request for Production No. 11**: For the years 2010 to 2013, please produce all purchase orders and invoices regarding the sale of Products, as defined in the Distribution Agreement, between KIC and the entities listed in Appendix A of the Distribution Agreement.

- **KIC Response**: KIC does not have any responsive documents for the years 2005 through 2012, as the Products are defined as only those which are subject to the 2013 Distribution Agreement.  As such, no Products were sold prior to 2013.  In further response, to the extent this request is asking for all purchase orders and invoices regarding the sale of any products by KIC to entities on Appendix A, then KIC objects to this request because it is not relevant to the claims or defenses in the matter, which are limited to Hongxin's solicitations and sales of Products to those customers.

**Third Set of Requests for Production**:

- **Request for Production No. 1**: Please produce all federal, state, and local tax filings of KIC Holdings, Inc., including all tax returns and attachments, for tax years 2009 through the date hereof.

- **KIC RESPONSE**: KIC objects to this request because it is not relevant to this dispute, unduly burdensome, overly broad, and harassing.  In further response, the request for documents as far back as 2009 are not relevant, considering the Distribution Agreement was executed in 2013 and contains an integration clause at section 17.

- **Request for Production No. 2**: Please Produce all federal, state, and local tax filings of KIC, LLC for tax years 2011 through the date hereof, including, but not limited to, tax returns, Forms 1065, Forms 1120 Forms 1120-S, and Schedules K-1.

- **KIC Response**: KIC objects to this request because it is not relevant to this dispute, unduly burdensome, overly broad, and harassing.  In further response, the request for documents as far back as 20011 [sic] are not relevant, considering the Distribution Agreement was executed in 2013 and contains an integration clause at section 17.

- **Request for Production No. 11**: Please produce a copy of KIC, LLC's operating agreement (or other form document), and all of its iterations, effective between 2011 and the date hereof.

- **KIC Response**: KIC objects to this request because it is not relevant to this dispute and unduly burdensome.

**Third Set of Interrogatories and Fourth Set of Requests for Production**:

- **Interrogatory No. 1**: Is it your position that the "15 percent" remedy amount in paragraph 13(a) of the Distribution Agreement was, at the time of contracting, a reasonable forecast of the anticipated harm to be caused to KIC by a potential

breach of the agreement? If your response is an unqualified or qualified "yes," please provide the factual basis for your position.

- **KIC Response**: KIC objects to this Interrogatory because it improperly seeks a conclusion of law on a central issue of this case, the interpretation of the Distribution Agreement.  *See e.g. Freedom Found v. Dept. of Labor & Indus.*, No.-CV-05937-RBL, 2020 WL 340351, at *3 (W.D. Wash., June 18, 2020). Without waiving its objection, KIC states the plain language of the Distribution Agreement speaks for itself and controls over any "position" of KIC.  KIC states further, that yes, upon information and belief the 15% royalty was agreed to by experienced, equal parties, as a royalty payment that was measured by the parties' expectations of just compensation for the anticipated losses that would be incurred by KIC for Hongxin's infringing sale.

- **Interrogatory No. 2**: Please provide the factual background and basis for the selection of "15 percent of the sales price of any other for of proceeds received by Manufacturer . . ." as a remedy variable in Paragraph 13(a) of the Distribution Agreement.

- **KIC Response**:  KIC objects to this interrogatory because it is not relevant to this dispute, as the plain language of the Distribution Agreement provides for the 15% royalt and includes an integration clause at section 17.  KIC further objects to the description of a "remedy variable," as it is not capable of ordinary meaning.  Without waiving its objections, KIC states the 15% was included in the Distribution Agreement by experienced, equal parties, as a royalty payment that was, upon information and belief, measured by the parties' expectations of just

compensation for the anticipated losses that would be incurred by KIC for Hongxin's sale of those Products.  KIC believed that 15% was a reasonable measure for the royalty based on its industry knowledge, including gross margins and market shares. KIC lacks information regarding Hongxin's factual background and basis for agreeing to pay the 15%.

### III.   ORDER

Defendant's FRCP 37 Motion to Compel Plaintiff to Respond to Written Discover (Dkt. 76) is DENIED, without prejudice; and

Defendant may file a motion to compel that is related to discovery at issue in this motion, should it be necessary, by June 18, 2021.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of June, 2021.

_____
ROBERT J. BRYAN
United States District Judge

- 11