UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIC, LLC, a Delaware Limited Liability Company,<br><br>                Plaintiff,<br>   v.<br><br>ZHEJIANG DICASTAL HONGXIN TECHNOLOGY CO., LTD, a Chinese Corporation,<br><br>                Defendant. | CASE NO. 3:19-cv-05660-RJB<br><br>ORDER GRANTING, IN PART, DEFENDANT'S MOTION FOR RECONSIDERATION |

      This matter arises out of Defendant Zhejiang Dicastal Hongxin Technology Co., LTD's ("Hongxin") Motion for Reconsideration. Dkt. 131. In the pending motion, Hongxin seeks reconsideration of the order on the Parties' motions for summary judgment. Dkt 130. The Court previously denied Hongxin's motion for reconsideration in part and requested a response from Plaintiff, KIC, LLC ("KIC"), as to the issues of laches, failure to mitigate, use of a contractual offset provision, and the order striking a trial date. Dkt. 132.

ORDER GRANTING, IN PART, DEFENDANT'S MOTION FOR RECONSIDERATION - 1

For the reasons set forth in this Order, Hongxin's motion should be granted in part and denied in part.

## I. BACKGROUND

The relevant facts are presented in more detail in the underlying order on the motions for summary judgment. Dkt. 130. In short, Plaintiff KIC is a commercial part truck designer and distributor, and Defendant and Counterclaimant Hongxin manufactures aluminum wheels. *Id.* The Parties entered into a contractual relationship in 2013 in which KIC would purchase wheels from Hongxin subject to certain conditions. The contract included an exclusivity provision that prohibited Hongxin from selling aluminum wheels to companies in the United States other than two specified in the agreement. *Id.* In 2019, KIC sued Hongxin for breach of that provision of the contract. Hongxin countersued, alleging that KIC breached the contract by failing to pay for ten container shipments of products. Dkt. 20.

Both Parties moved for summary judgment. Dkts. 89 and 92. In the underlying order, the Court found that Hongxin breached the contract and KIC did not breach the contract as a matter of law. Dkt. 130. The Court ordered the trial date to be stricken and the parties to submit briefing on damages. *Id.*

Hongxin moved for reconsideration of that order. Dkt. 131. The Court denied Hongxin's motion as to certain issues and requested a response from KIC as to others. Dkt. 132. KIC responded to Hongxin's motion, and this issue is now ripe for consideration.

## II. DISCUSSION

### A. LEGAL STANDARD

Pursuant to Western District of Washington Local Civil Rule 7(h)(1), "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a

showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

**B. LACHES**

Laches is an affirmative defense that requires a defendant establish that (1) the plaintiff knew or reasonably should have known of a potential cause of action against the defendant, (2) the plaintiff unreasonably delayed commencing legal action against the defendant, and (3) the unreasonable delay material prejudiced the defendant. *See Newport Yacht Basin Ass'n Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 76 (2012). "However, laches is an extraordinary remedy that should not, under ordinary circumstances, be employed to bar an action short of the applicable statute of limitations." *Harmony at Madison Park Owners Ass'n v. Madison Harmony Dev., Inc.*, 143 Wn. App. 345, 362 (2008); *see Danjaq, LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001) (finding period of 19 to 36 years between release of allegedly infringing movies and commencement of lawsuit sufficient to satisfy element of unreasonable delay).

In the underlying order, the Court found that Hongxin could not establish the extraordinary circumstances required to justify application of laches because there was no evidence that KIC unreasonably delayed filing a lawsuit. Dkt. 130. In the motion for reconsideration, Hongxin argues that internal emails and documents made by KIC do demonstrate such extraordinary circumstances. Dkt. 131 at 6 (citing Dkts. 95-6 at 6, 95-7 at 7, 95-12 at 6, 95-17 at 1). The most direct of which is an internal document, which appears to be on a PowerPoint slide, stating that "KIC has not pursued legal action. Letting penalty build so any action would have teeth." Dkt. 95-7 at 8.

ORDER GRANTING, IN PART, DEFENDANT'S MOTION FOR RECONSIDERATION - 3

Notably, KIC filed this lawsuit within the applicable statute of limitations, so Hongxin bears a heavy burden. At most the delay from discovery of breach to commencement of lawsuit was about two-years. *See* Dkt. 149 at 3–4. Both Parties acknowledged that their business relationship was mutually beneficial and communicated a desire to salvage it. *See* Dkts. 149 at 3–4; 93-1 at 2; and 105 at 10–11. Furthermore, there is no evidence that the desire to "let[] [a] penalty build" either came from or influenced anyone with decision making authority. A reasonable trier of fact could not conclude that the extraordinary circumstances required to justify application of laches exists under these circumstances.

Therefore, Hongxin does not demonstrate manifest error in the underlying decision that laches does not apply as a matter of law.

**C. FAILURE TO MITIGATE**

The duty to mitigate damages, "sometimes referred to as the doctrine of avoidable consequences, prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed." *Bernsen v. Big Bend Elec. Co-op, Inc.*, 68 Wn. App. 427, 433 (1993). Failure to mitigate damages is an affirmative defense, therefore the question on summary judgment is whether the party asserting the defense raises a genuine issue of material fact that the injured party acted unreasonably in failing to mitigate damages. *See id.* at 435. To demonstrate a genuine issue of material fact, the defendant must be able to show that alternative options were available, that the plaintiff chose an unreasonable option, and that the plaintiff's unreasonable choice thereby proximately caused a portion of the damages. *Trung Ma v. Allstate Fire and Casualty Ins. Co.*, No. 3:17-cv-01276-RSM, 2018 WL 4627660, at *2 (W.D. Wash. 2018) (*citing Fox v. Evans*, 127 Wn. App. 300, 306 (2005)). For example, evidence that a defendant injured the plaintiff, but that the plaintiff refused to take medication

that would have alleviated the plaintiff's injury may create such a question.  *See Fox*, 127 Wn. App. at 305–6.

As with laches, Hongxin's argument that the Court erred in finding that KIC did not fail to mitigate damages as a matter of law rests on the premise that KIC's internal communications show that it delayed filing suit to let a "penalty" build.  Dkt. 131 at 6.  The Court concluded in the underlying order and previously reaffirmed on reconsideration that the contract did not allow KIC to recover a "penalty."  Dkts. 130 and 132.  Instead, it permits KIC to recover *liquidated damages* in the amount of 15% of the sales price of Hongxin's breaching sales.  Hongxin's breaching sales, not any action taken by KIC, are the only possible proximate cause for these damages because the amount depends only on Hongxin's act of breach.  Because there is no evidence of damages other than those caused by Hongxin, there is no question of fact that KIC failed to mitigate damages.

Therefore, Hongxin does not demonstrate error in the underlying order and the motion for reconsideration should be denied as to the issue of failure to mitigate.

**D.  OFFSET PROVISION**

After KIC initially filed its lawsuit, Hongxin counterclaimed for breach of contract, arguing that KIC improperly withheld payment for ten container shipments of products.  Both Parties moved for summary judgment on this issue, which the Court denied for Hongxin and granted for KIC.  Dkt. 130 at 20–21.

Section 12 of the Distribution Agreement between the Parties reads: "[KIC] shall make payment to [Hongxin] in a mutually agreed manner specified in the purchase order or other documents submitted by [KIC] for each order of Products."  Dkt. 91-3 at 4.  Therefore, the terms of the individual purchase orders govern what is an acceptable means of payment.  Under the

terms of the purchase order for the disputed sales, "[KIC] will be entitled to set off any amount owing from [Hongxin] to [KIC] or its affiliates against any amount payable by [KIC] under this order." Dkt. 90-30 at 9.

Hongxin argues that KIC improperly used the offset provision because Hongxin did not and still does not owe KIC money because there has not been a judgment entered in this action. Dkt. 131 at 6. This argument rests on the premise that money is not owed until there is an entry of judgment. Damages caused by Hongxin's breach of contract, however, were owed to KIC at the time of breach.

This finding rests on logic and analogy. For example, as a basic rule prejudgment interest is calculated from the time of breach. *Egerer v. CSR West, LLC*, 116 Wn. App. 645, 655 (2003). This is consistent with the seminal goal of damages in contract law, which is to put the non-breaching party "in as good a position as that party would have been in had the contract been performed." *See Ford v. Trendwest Resorts, Inc.*, 146 Wn.2d 146, 155 (2002). Both principles point to the time of breach as the point at which the nonbreaching party becomes entitled to damages.

Hongxin argues that allowing a party to presumptuously withhold payment is against public policy and is illegal because it would allow KIC to unilaterally serve as an arbiter. Dkt. 131 at 6. Hongxin neither cites analogous case law that suggests such a provision violates public policy, nor does it implicate potential public policy hazards. Withholding payment did not entitle KIC to any money. Had Hongxin not breached the contract in a way that entitled KIC to money damages, then KIC would be in breach for failure to pay for goods, and it would owe Hongxin for those withheld payments. While KIC's decision to use the offset provision as

means of payment before a determination of liability may have been risky, it was not wrong as a matter of law.

The precise amount of damages, however, still must be determined.  It is possible that the balance owed by KIC for those orders is greater than the damages for breach, which has not yet been determined.  Therefore, the Court erred by granting summary judgment for KIC.  Summary judgment was not appropriate for either Party.

Hongxin's motion for reconsideration should be granted as to the finding of summary judgment for KIC on this issue.

### E.  TRIAL

The calculation of damages and, by extension, offset depends on issues of fact and should proceed to trial.  The Parties present differing expert testimony about the of damages, which should be resolved by the trier of fact.  Therefore, the Court erred in striking the trial date, and Hongxin's motion should be granted as to this issue.

The Court believes an expedited trial date is appropriate under these circumstances. **Trial on damages and offset is reset for January 10, 2022**.  The trial length will be set for five (5) days, but the Parties should promptly notify the Court with any objections to either the trial date or trial length.  The pending motions on damages (Dkts. 133 & 136) are terminated because the issues will be resolved at trial.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of October, 2021.

ROBERT J. BRYAN
United States District Judge